IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01018-WYD-CBS

ERIC BANKSTON,
  Plaintiff,

v.

ANTLERS HILTON HOTEL,
  Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

  This civil action is before the court on Defendant Antlers Hilton Hotel's Motion for

Partial Dismissal of the Complaint (doc. #17) filed July 1, 2011.  Pursuant to the Order of

Reference dated April 28, 2011 (doc. # 5) and the memorandum dated July 6, 2011 (doc. #20),

this matter was referred to the Magistrate Judge.  The court has reviewed the Motion, Bankston's

Response (filed July 6, 2011) (doc. #22), the pleadings, exhibits, the entire case file, and the

applicable law and is sufficiently advised in the premises.

I.  Statement of the Case

  Eric Bankston, proceeding *pro se*, initiated this civil action with the filing of his

Complaint (doc. #1) on April 18, 2011.  Bankston alleges that on or about May 27, 2008, he was

discriminated against when the Hotel denied him reasonable accommodation for his disability

and retaliated against him for engaging in protected activity in violation of the Americans with

Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), Title VII of the Civil Rights

Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Colorado Anti-

Discrimination Act ("CADA").  (*See* doc. #1 at 2, 25).  Bankston also asserts that the Hotel

discriminated against him by discharging him from employment on August 28, 2009.  (*See* doc.

#1 at 2; doc #17-1 at 2).

Bankston filed a Charge of Discrimination for the accommodation claim with the

Colorado Civil Rights Division ("CCRD") on June 16, 2008, which was dual filed with the

Equal Employment Opportunity Commission ("EEOC").  (*See* doc. #1 at 2, 25).  The Hotel

terminated Bankston's employment approximately 14 months later, on August 28, 2009.  (*See*

doc. #17-1 at 2).  There is no evidence that he ever filed a Charge of Discrimination for the

termination claim.

On October 5, 2009, Bankston received his Right to Sue letter from the CCRD for his

accommodation claim.  (*See* doc. #17-2 at 2).  The letter provided that he had 90 days from the

mailing of the notice to file a civil action in a district court of the state.  (*See* doc. #17-2 at 2).

Bankston then received his Notice of Right to Sue letter from the EEOC for his accommodation

claim on February 11, 2011.  (*See* doc. #1 at 27).  This letter provided that he must file a lawsuit

"within 90 days" of receipt of the notice.  (*See* doc. #1 at 27).  The instant lawsuit was filed on

April 18, 2011, more than 550 days after Bankston received the Right to Sue letter from the

CCRD and approximately 66 days after receiving his Notice of Right to Sue from the EEOC.

The Hotel now seeks partial dismissal of Plaintiff's claims.  Defendants seek to dismiss

Plaintiff's first claim for termination pursuant to Fed. R. Civ. P. 12(b)(1), for failure to exhaust

administrative remedies.  Defendants seek to dismiss Plaintiff's state law claim pursuant to Fed.

R. Civ. P. 12(b)(6), for failure to pursue a civil action under CADA in state district court within

90 days of receiving the Right to Sue letter from the CCRD.

2

II.     Standard of Review

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may take the form of a facial attack or a factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). A facial attack requires the court's acceptance of the complaint's allegations as true, and questions the sufficiency of the complaint itself. *Id.*; *Woods v. Comfort Dental E. Aurora*, 2011 WL 3799055 at *1 (D. Colo. 2011).[1] A factual attack challenges the allegations in the complaint. *Holt*, 46 F.3d at 1003. When the moving party makes a factual attack, the court must make its own factual findings. *Id.* at 1003. In doing so, the court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987), *cert. denied*, 484 U.S. 986 (1987)). Reliance on such evidence does not transform the motion into one for summary judgment. *Id.*

Rule 12(b)(6) provides that a party may move to dismiss a claim for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). A ruling under Rule 12(b)(6) requires determining "whether the allegations of the complaint are sufficient to state a claim within the meaning of [Fed. R. Civ. P.] 8(a)." *Fleites v. Pueblo Med. Investors, LLC*, 2008 WL 4371924 at *1 (D. Colo. 2008). In so doing, "the [c]ourt must accept all well-plead allegations in the [c]omplaint as true and view those allegations in the light most favorable to the nonmoving party." *Tafoya v. Dean Foods Co.*, 2009 WL 2762738 at *1 (D. Colo. 2009) (citing *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1149 (10th Cir. 2001)). "A dismissal for failure to state a claim is appropriate only when it is apparent that a plaintiff can

---

[1] Copies of unpublished decisions are attached to this Recommendation.

3

prove no set of facts which would entitle him to relief." *Jackson v. N.M. Pub. Defender's Office*, 361 Fed. Appx. 958, 963 (10th Cir. 2010) (citing *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007)).

On a motion to dismiss pursuant to Rule 12(b)(6), the court may consider materials in addition to the pleadings if such materials are public records or are otherwise appropriate for the taking of judicial notice. Such items include orders, items appearing in the court record, and records filed in state court. *See Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1279 n.1 (10th Cir. 2004). *Cf. Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005) (noting that the district court may consider documents referred to in plaintiff's complaint and central to his claim, public records, matters of which a court may take judicial notice and decisions of governmental agencies) (citations omitted).

Because Mr. Bankston appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual

4

allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

III.    Analysis

A.    Plaintiff's Termination Claim

Antlers Hilton Hotel asserts that the court lacks subject-matter jurisdiction over Bankston's claim for wrongful termination because he did not file a charge of discrimination for that discrete act.  (*See* doc. #17 at 17-18).  In order to bring a Title VII action in federal court, exhaustion of administrative remedies is a jurisdictional prerequisite.  *Woods*, 2011 WL 3799055 at *2 (citing *Woodman v. Runyan*, 132 F.3d 1330, 1341 (10th Cir. 1997).  *See also Jones v. United Parcel Serv., Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007) (noting that exhaustion of administrative remedies is a jurisdictional prerequisite to suit in the Tenth Circuit).  It is "the plaintiff's burden . . . to establish the court's subject matter jurisdiction by a preponderance of the evidence." *Southway v. Cent. Bank of Nig.*, 328 F.3d 1267, 1274 (10th Cir. 2003).  A plaintiff must file his claim with the EEOC in a timely-filed charge of discrimination for which he receives a right to sue letter in order to exhaust administrative remedies.  *Woods*, 2011 WL 3799055 at *2.  Colorado requires a plaintiff to file the charge with the EEOC or CCRD within 300 days of the "alleged unlawful employment practice."  42 U.S.C. § 2000e-5(e)(1); *Castaldo v. Denver Public Sch.*, 276 Fed. Appx. 839, 841-42 (10th Cir. 2008) (explaining that since Colorado has an agency to investigate employment discrimination claims, a complainant has 300 days instead of 180 days to file a claim).  Failure to file a charge with the proper agency in a timely manner means that administrative remedies have not been exhausted and the federal

courts do not have subject matter jurisdiction to review the claim.  *See Shickles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1318 (10th Cir. 2005).  Failure to file a charge completely also deprives the court of subject matter jurisdiction.  *Jones v. Runyan*, 91 F.3d 1398, 1399-1400 n.1 (10th Cir. 1996).

The Hotel terminated Bankston's employment on August 28, 2009.  (*See* doc. #17-1 at 2).  In order to exhaust administrative remedies for termination of employment, Bankston had to file his charge with the EEOC or CCRD no later than June 24, 2010.  However, there is no evidence that he ever filed a Charge of Discrimination for the termination claim.  Since Bankston does not provide any evidence to demonstrate otherwise, he failed to sustain his burden showing that he exhausted this claim.  "Because exhaustion is a jurisdictional prerequisite, a plaintiff may not cure a jurisdictional defect by pursuing administrative remedies after filing suit."  *Deuty v. Hewlett-Packard*, 2011 WL 2607169 at *4 (D. Colo. 2011).  *See also Dalvit v. United Airlines, Inc.*, 359 Fed. Appx. 904, 912 n.9 (10th Cir. 2009).  Since the 300 day period already passed, Bankston can no longer file a timely charge in order to pursue his termination claim and this Court does not have subject matter jurisdiction to review the termination claim.

Although Bankston did file a Charge of Discrimination for his accommodation claim, "[e]ach incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice'" that must be exhausted independently of any other action.  *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002).  Because employment termination is a "discrete employment action," an employee must exhaust administrative remedies for that individual act.  *Deuty*, 2011 WL 2607169 at *5 (citing *Nat'l R.R. Passenger*, 536 U.S. at 114).  In determining what claims are covered by an already filed

6

Charge of Discrimination, the "inquiry is limited to the scope of the administrative investigation that can reasonably be expected to follow from the discriminatory *acts* alleged in the administrative charge." *United Parcel*, 502 F.3d at 1186 (emphasis in original). Bankston filed his charge for the accommodation claim with the CCRD on June 16, 2008, before he was terminated. (doc. #1 at 2, 25). Thus, the termination claim cannot fall within the scope of this charge because there is no way the factual basis of those claims could have been set forth before they even occurred. As such, the filing of the charge for the accommodation claim alone is not sufficient to claim exhaustion of administrative remedies for the termination claim and it is now too late to file a charge for the termination claim. Bankston's failure to exhaust administrative remedies for his termination claim in a timely manner requires the Court to dismiss the claim for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

B.      Plaintiff's CADA State Claim

Antlers Hilton Hotel asserts that Bankston's state claim under CADA must be dismissed pursuant to Rule 12(b)(6) due to failure to file his civil action in a timely manner. (doc. #17 at 19-20). Colorado law allows a complainant to file

> a civil action in the district court for the district in which the alleged discriminatory or unfair practice occurred. Such action must be filed within ninety days of the date upon which the jurisdiction of the commission ceased, and if not so filed, it shall be barred and the district court shall have no jurisdiction to hear such action.

C.R.S. § 24-34-306(11). This statute "provides a period of limitations for the plaintiff's CADA claim, and that period of limitations is applicable to that claim whether the claim is filed in state court or in federal court." *Fleites*, 2008 WL 4371924 at *2. When considering a motion to dismiss, a complaint can be dismissed under Rule 12(b)(6) for failure to satisfy the statute of limitations in the absence of ability to toll the statute. *See Matthews v. Wiley*, 744 F. Supp. 2d

7

1159, 1168 (D. Colo. 2010).  For a claim under CADA, the jurisdiction of the CCRD ceases

when the right to sue letter is issued.[2]  *Fleites*, 2008 WL 4371924 at \*2.  Bankston received his

Right to Sue letter from the CCRD on October 5, 2009 (doc. #17-2 at 2) and did not file the

instant action until April 18, 2011 (doc. #1).  The letter Bankston received from the CCRD

explicitly stated that he had ninety days from the mailing of the letter to file a civil action.  (*See*

doc. #17-2 at 2).  Over 550 days passed from the time the CCRD's jurisdiction ceased until the

action was actually filed with the Court.  Because the action was not filed within the requisite

ninety day period, Bankston's CADA claim is barred due to failure to state a claim upon which

relief can be granted.


Accordingly, IT IS RECOMMENDED that:

1.      Defendant Antlers Hilton Hotel's Motion for Partial Dismissal of the Complaint

(filed July 1, 2011) (doc. #17) be GRANTED.

2.      Plaintiff's claim that the Hotel discriminated against him by discharging him from

employment on August 28, 2009 be dismissed without prejudice pursuant to Fed. R. Civ. P.

12(b)(1) for lack of subject matter jurisdiction.

3.      Plaintiff's state law claim for violation of the Colorado Anti-Discrimination Act

("CADA") be dismissed with prejudice for failure to state a claim upon which relief can be

granted, as it cannot be amended to state a claim.

4.      This case proceed on Plaintiff's claim that on or about May 27, 2008, the Hotel

---

[2] Since a claim under CADA is a state claim, the Court need only consider the Right to
Sue letter from the CCRD, the relevant state agency.  The Notice of Right to Sue from the EEOC
is irrelevant in this analysis because it only goes to federal claims.

discriminated against him by denying him reasonable accommodation for his disability in violation of the Americans with Disabilities Act and retaliating against him for engaging in protected activity in violation of Title VII.  The Magistrate Judge will set a further preliminary scheduling conference after the District Judge's ruling on this Recommendation.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known as 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th

Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see*, *Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 3rd day of November, 2011.

BY THE COURT:


  /s/Craig B. Shaffer
United States Magistrate Judge